UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

ABDUL K. MUHAMMAD,

        Petitioner,

v.                                                                Case No. 08-CV-937

MICHAEL THURMER,

        Respondent.

_____

## ORDER

Petitioner Abdul K. Muhammad ("Muhammad") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that he suffered violations of his Sixth and Fourteenth Amendment rights when the state trial court presiding over his jury trial refused to grant a continuance so that he could produce an incarcerated defense witness and also admitted testimony identifying Muhammad as the shooter by a witness who was previously unable to identify him. On April 30, 2010, the court issued a decision denying Muhammad's petition for a writ of habeas corpus and denying a certificate of appealability. Muhammad subsequently filed a motion for reconsideration which is now before the court. After reviewing Muhammad's submission, the court is obliged to deny his motion.

Muhammad requests reconsideration pursuant to Federal Rule of Civil Procedure 59 and the court properly considers it under Rule 59(e) because Muhammad filed his motion within 28 days of the entry of judgment and because the motion alleges manifest errors of law. *See Obriecht v. Raemisch*, 517 F.3d 489, 493-

94 (7th Cir. 2008). The rule allows a party to move the court to alter or amend judgment. Fed. R. Civ. P. 59(e). Alteration or amendment of a judgment under Rule 59(e) is only appropriate if the moving party can demonstrate a manifest error of law or present newly-discovered evidence. *Obriecht*, 517 F.3d at 494 (citing *Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007)).

Muhammad does not present any newly-discovered evidence and he fails to demonstrate that this court committed a manifest error of law. Instead, Muhammad merely re-asserts arguments made in his habeas petition. Muhammad submits a 23-page, single-spaced brief in support of his motion for reconsideration in which he argues that the court arrived at an incorrect conclusion in its original order. This does not represent a sufficient basis for amending judgment because "a 'manifest error' is not demonstrated by the disappointment of the losing party." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

Muhammad posits no new argument showing that the court erred in its previous determination that the state appellate court properly applied federal law in finding that the denial of a trial continuance to allow Muhammad to call an incarcerated defense witness was harmless error because the testimony would not have altered the outcome of the case. Muhammad asserts that the intended defense witness, Christopher Phillips ("Phillips"), would have testified that eight months prior to the shooting he sold a gun of the type used in the shooting to a second individual, George Payne ("Payne"). Muhammad asserts that this testimony

-2-

is important because he argued at trial that Payne was the actual shooter. However, as the court noted in its original decision, this evidence would not impact the trial outcome given the totality of the evidence. Three eyewitnesses identified Muhammad as the shooter, including one of the victims who was shot at point-blank range and who knew Muhammad. Further, Muhammad admitted that he could not identify the gun Phillips allegedly sold to Payne as the same weapon used in the shooting. Finally, the victim who testified at trial reported that he saw a second individual pass a gun to Muhammad immediately prior to the shooting. Therefore, Muhammad could have employed a weapon owned by someone other than himself while committing the offenses. Muhammad has not provided any new arguments that would change this court's conclusion.

Further, Muhammad posits no new argument showing that the court erred in its determination that the state appellate court properly applied federal law in finding that admission of testimony at trial by a witness who could not previously identify Muhammad did not constitute a due process violation. The federal cases identified by Muhammad involve "suggestive circumstances" surrounding witness identifications relate to procedures employed by law enforcement, not spontaneous in-court identifications by testifying witnesses, as occurred during Muhammad's state jury trial. Further, in all but one of the federal cases Muhammad identified, the court upheld the conviction of the defendant. Thus, Muhammad did not show that the state court reached a conclusion contrary to federal case law on materially

indistinguishable facts. Additionally, the state appellate court applied the correct factors in evaluating the spontaneous witness identification and applied them reasonably to the facts. Muhammad fails to provide any new arguments that would alter this court's previous determination.

Muhammad also argues for reconsideration of the court's decision denying him a certificate of appealability. In its order, the court found that Muhammad failed to make a substantial showing of the denial of a constitutional right. Such a showing is required before a court may issue a certificate of appealability to a habeas petitioner. *See* 28 U.S.C. § 2253(c)(2). Muhammad argues that the court committed a manifest error of law in denying a certificate of appealability because a "reasonable jurist" could disagree with this court's opinion. A district court may not grant a certificate of appealability unless the applicant makes a "substantial showing of the denial of a constitutional right." *Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008). An applicant makes a "substantial showing" when reasonable jurists could debate whether the petition should have been resolved in a different manner or the issues presented were "adequate to deserve encouragement to proceed further." *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The court did not explicitly state in its opinion that reasonable jurists would not debate its conclusion that Muhammad failed to make a substantial showing of the denial of his Sixth or Fourteenth Amendment rights. However, this conclusion was implied in its finding that Muhammad failed to make a substantial showing of the denial of his

-4-

constitutional rights. Regardless, the court will now confirm that reasonable jurists would not debate that Muhammad failed to make a substantial showing of the violation of his right to present defense witnesses or his due process rights based on the reasoning provided in the court's April 30, 2010 order. Consequently, the court will deny Muhammad's motion for reconsideration of the denial of a certificate of appealability.

Accordingly,

**IT IS ORDERED** that the petitioner's motion for reconsideration (Docket #24) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 2nd day of July, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge